IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SHERLOCK,<br>                    Plaintiff,<br><br>            v.<br><br>LIFESTYLE HEARING CORPORATION<br>(USA), INC.,<br>AUDIOLOGY MANAGEMENT GROUP,<br>INC.,<br>WIDEX USA, INC.,<br>                    Defendants. | CIVIL ACTION<br><br><br><br>NO.  19-743 |

**DuBois, J.**                                                    **October 10, 2019**

**M E M O R A N D U M**

## I.      INTRODUCTION

In this case arising under Title VII of the Civil Rights Act of 1964, plaintiff Michael Sherlock alleges that defendants Lifestyle Hearing Corporation ("Lifestyle"), Audiology Management Group ("AMG"), and Widex USA Inc. ("Widex") wrongfully terminated her in retaliation for engaging in protected activity.  Presently before the Court is defendants' Motion to Dismiss Plaintiff's Complaint.  In their Motion, defendants seek to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, transfer the case to the United States District Court for the Middle District of Florida.  In the alternative, defendants also move to dismiss Counts II-IV, to strike the jury demand, and to dismiss the claims against defendants AMG and Widex for lack of personal jurisdiction.  For the reasons set forth below, the Court grants defendants' motion to transfer the action to the Middle District of Florida pursuant to 28 U.S.C § 1404(a).  The Court defers ruling on all other requests for relief.

## II.      BACKGROUND

In addressing a motion to transfer, "all well-pleaded allegations in the complaint are

generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue." *Holiday v. Bally's Park Place, Inc.*, No. 06-cv-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sep. 10, 2007). Based on the Complaint, the affidavits submitted by the parties, and the other submissions of record, the facts of the case may be summarized as follows:

Plaintiff, Michael Sherlock is a citizen of the Commonwealth of Pennsylvania and is domiciled in Philadelphia, Pennsylvania. Compl. ¶ 1. Plaintiff's employer, Lifestyle, is a hearing aid retailer based in Florida. Defs.' Mot. Dismiss 6.[1] However, Sherlock performed her work primarily from her home in Pennsylvania. Pl.'s Resp. 7. Lifestyle owns and operates hearing aid clinics, including four clinics located in Pennsylvania. Pl.'s Resp. 3. Widex is a wholesale hearing aid distributor that shares the same parent company as Lifestyle, Widex, A/S. Defs.' Mot. Dismiss 6. Widex is incorporated in Delaware with its principal place of business in New York. *Id.* AMG is a buying group that is a wholly owned subsidiary of Lifestyle. Defs.' Mot. Dismiss 7. AMG is incorporated and has its principal place of business in Florida. Defs.' Mot. Dismiss 8.

Plaintiff was employed as Vice President of Sales from in or about February 2016 until on or about January 25, 2017. Compl. ¶¶ 18-19. Sherlock was responsible for managing and operating around 100 Lifestyle stores in thirteen different states. Pl.'s Resp. 3. Prior to working for Lifestyle, plaintiff filed a claim in Pennsylvania state court against her previous employers, alleging gender discrimination and retaliation for complaining about such discrimination. Compl. ¶ 20. Plaintiff claims that, on November 29, 2016, she informed Phil McKenzie, Chief Executive Officer of Lifestyle, about the claim. Compl. ¶ 21; Defs.' Resp. 11. The next day she

---

[1] Plaintiff contends that she was employed by all three defendants, which operated as a single or joint employer. Pl.'s Resp. 13-14. Defendants contest this allegation, arguing that plaintiff had no working relationship with either Widex or AMG. Defs.' Reply 9. It is not necessary for the Court to resolve this dispute.

informed Maria Chang Meyer, Vice President of Legal for defendants, about the claim.  Compl.

¶ 22.  According to plaintiff, she was subsequently excluded from multiple meetings.  Compl. ¶

24.  Plaintiff was ultimately terminated on January 25, 2017 for the stated reason that

"Defendants wanted to go in a different direction."  Compl. ¶¶ 24-25.  Plaintiff contends that this

"articulated reason is a pretext."  Compl. ¶ 27.  She claims that she was, in fact, terminated in

retaliation for engaging in the protected activity of filing a claim against her prior employers.

Compl. ¶ 28.

Plaintiff filed her Complaint in the Court of Common Pleas of Philadelphia County on

January 18, 2019, for unlawful retaliation in violation of Title VII of the Civil Rights Act of

1964 (Count I), the Pennsylvania Human Relations Act ("PHRA") (Count II), the Philadelphia

Fair Practices Ordinance ("PFPO") (Count III), and PA common law (Count IV).  Pursuant to 28

U.S.C. § 1441(b), which authorizes removal to the United States District Court for the district in

which the action is pending of civil actions commenced in state court which arise under the

Constitution, laws, or treaties of the United States, defendants filed a Notice of Removal on

February 21, 2019.

On February 28, 2019, defendants filed a motion to dismiss the claim or transfer the case

on grounds of *forum non conveniens* for failure to file in the appropriate forum.[2]  In the

alternative, defendants moved to dismiss Counts II-IV as contrary to the selected choice of law,

to dismiss the Count IV common law claim as preempted by the PHRA, to strike the jury

demand, and to dismiss the claims against defendants AMG and Widex for lack of personal

---

[2] Defendants frame their request for transfer as one based in the doctrine of *forum non conveniens* but request transfer to the United States District Court for the Middle District of Florida.  The Supreme Court has clarified that § 1404(a) is a "codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."  *Atl. Marine*, 571 U.S. at 60.  Meanwhile, *forum non conveniens* continues to apply only in cases "calling for a nonfederal forum."  Accordingly, this Court construes defendants' motion as requesting transfer pursuant to § 1404(a).

jurisdiction.  Defendants argue that the dispute is governed by the forum selection clause in plaintiff's employment agreement.  Defs.' Mot. Dismiss 1.  The forum selection clause reads in relevant part: "The Parties agree that all disputes, claims, actions or lawsuits between them, arising out of or relating to this Agreement, or for alleged breach of this Agreement, shall be heard and determined by a state court sitting in Sarasota County, Florida, or by the United States District Court for the Middle District of Florida, or by their appellate courts."  Defs.' Mot. Dismiss Ex. A 3.

Plaintiff filed her response to the motion on March 14, 2019.  Defendants filed a reply on April 4, 2019.  The Motion is thus ripe for review.

III.    LEGAL STANDARD

The question before the Court is whether this case should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  While § 1406 permits either the dismissal or the transfer of a case where venue is not proper in the original forum, § 1404(a) "provides for the transfer of a case where both the original and the requested venue are proper."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-79 (3d Cir. 1995).

Once a court determines that venue would be proper in another district, the court considers "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Jumara*, 55 F.3d at 879.  Typically, this analysis involves balancing private and public interests.  *Id.*  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"  *Atl.*

4

*Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013)

(quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

The Supreme Court decision in *Atlantic Marine* significantly modified the § 1404(a)

transfer inquiry for cases involving valid forum selection clauses.  In such cases, the analysis is

limited to "public-interest factors only;" private interests are not considered.  *Id.* at 64.  "Because

[public-interest factors] will rarely defeat a transfer motion, the practical result is that forum-

selection clauses should control except in unusual cases."  *Id.*

Accordingly, a district court must conduct a two-step analysis when deciding whether to

enforce a forum selection clause.  *See Steinmetz v. McGraw–Hill Global Education Holdings*,

LLC, 220 F.Supp.3d 596, 601 (E.D. Pa. 2016).  First, the Court considers whether the forum

selection clause is "valid and enforceable."  *Id.*  In the Third Circuit, a forum selection clause is

treated as presumptively valid unless the party objecting to its enforcement shows: "(1) that it is

the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of

the forum, or (3) that enforcement would in the particular circumstances of the case result in

litigation in a jurisdiction so seriously inconvenient as to be unreasonable."  *Coastal Steel Corp.*

*v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

Second, according to *Atlantic Marine*'s modified § 1404(a) analysis, the court must

consider whether "extraordinary circumstances unrelated to the convenience of the parties"

militate against enforcement of the clause.  *Atl. Marine*, 571 U.S. at 62 (2013).  Under this

framework, the plaintiff bears the burden of proving that "public-interest factors overwhelmingly

disfavor a transfer."  *Id.* at 66.  These public-interest factors are limited to "the administrative

difficulties flowing from court congestion; the local interest in having localized controversies

decided at home; [and] the interest in having the trial of a diversity case in a forum that is at

home with the law." *Id.* at 581, n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981)).

## IV.    DISCUSSION

In their Motion to Dismiss, defendants argue that plaintiff's complaint should be transferred to the Middle District of Florida pursuant to the forum selection clause contained in the parties' employment agreement.  Plaintiff responds, *inter alia*, that her claims do not fall within the scope of the forum selection and that the forum selection clause is unenforceable.  The Court will address each argument in turn, beginning with the scope of the forum selection clause.

### A.  Scope of Forum Selection Clause

Plaintiff first argues that her wrongful termination claim is outside the scope of the employment agreement's forum selection clause, contending that the provision governs only "contract and contractually related claims."  Pl.'s Resp. 5.  Plaintiff points to the modifying phrase contained in the clause, which limits its reach to claims "arising out of or relating to this Agreement."  Pl.'s Resp. 5.  She further argues that any ambiguity in the employment agreement should be resolved in her favor.  Pl.'s Resp. 5-6.

Defendants respond that the forum selection clause makes the "exclusive venue for litigation relating to Plaintiff's employment" a federal or state court in Florida.  Defs.' Mot. Dismiss 10.  Embracing the modifying phrase cited by plaintiff, they argue that plaintiff's claim of wrongful termination relates to the employment agreement because the agreement "set forth the terms and conditions of Plaintiff's employment, and specifically included provisions regarding the termination of Plaintiff's employment."  Defs.' Reply 4.  Defendants further point out that the forum selection clause contains a carve out provision, which provides exceptions for

obtaining collection of any judgment or enforcement of any injunction or order but not for

wrongful termination claims.  Defs.' Reply 4.

In the Third Circuit, the scope of a forum selection clause is determined through

reference to state law.  *See In re McGraw-Hill Global Education Holdings LLC*, 909 F.3d 48, 58

(3d Cir. 2018).  In addition, courts may consult the law cited by parties in disputing the

interpretation of such a clause.  *See, e.g.*, *Id.* at 58 (applying federal law to determine the scope

of a forum selection clause where parties cited only federal case law in their briefing); *John

Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir.1997) (Alito, J.)

(applying general contract law principles to interpret a forum selection clause where parties

"made little reference" to the law stipulated under a choice-of-law provision).  Neither plaintiff

nor defendants have cited Pennsylvania or Florida law in their interpretations of the clause,

choosing instead to cite only federal precedent.  Accordingly, this Court will consider federal

precedent in analyzing the scope of the forum selection clause.

In *In re McGraw-Hill Global Education Holdings LLC*, the Third Circuit held that the

phrase "arising in relation to" has a "broader" reach than the phrase "arising under."  *Id.* at 67

(3d Cir. 2018).  The court concluded that the phrase requires only that "the origin of the dispute

[be] related to that agreement, i.e., that the origin of the dispute [have] some 'logical or causal

connection' to the…Agreement."  *Id.*  Citing this precedent, defendants contend that a wrongful

termination claim has "some logical or causal connection" to the employment agreement that

sets forth the terms and conditions of plaintiff's employment.  Defs.' Reply 4.  In response,

plaintiff maintains that her allegations of unlawful termination constitute an intentional tort

outside the scope of the clause.  Pl.'s Resp. 19.

7

Despite plaintiff's efforts to characterize her claim as something other than a contract-related dispute, a wrongful termination claim must be said to relate to the parties' employment agreement.  "When the substance of the plaintiff's claims, stripped of their labels, fall within the scope of the forum selection clause, the opposing party cannot avoid it." *Skold v. Galderma Laboratories, L.P.*, 99 F.Supp.3d 585, 609 (E.D. Pa. 2015); *see also Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983) ("[W]here the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain.").  Moreover, in accordance with the broad interpretation laid out in *In re McGraw-Hill Global Education Holdings LLC*, plaintiff's claim has some "logical or causal connection" to the employment agreement. Thus, the Court concludes that the forum selection clause is broad enough to encompass the dispute at issue in this case.

### B.  Transfer

#### 1. Venue

The Supreme Court has made clear that § 1404(a) permits transfer "to any other district to which the parties have agreed by contract," and thus provides "a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine*, 571 U.S. at 59. The Court next considers the two-step transfer inquiry outlined in *Atlantic Marine*.

#### 2. Validity and Enforceability

Having concluded that plaintiff's claim falls within the scope of the forum selection clause, the Court proceeds to step one of its two-step transfer inquiry.  Plaintiff challenges the enforceability of the forum selection clause by arguing that enforcement of the clause would be so seriously inconvenient as to be unreasonable.  Plaintiff points out that she would be required

to fly to Florida and contends that there are limited direct flights from Philadelphia, Pennsylvania to Sarasota, Florida.  Pl.'s Resp. 7.  Defendants respond that plaintiff travelled to Florida on business frequently throughout her employment.[3]  Defs.' Mot. Dismiss 5.  Plaintiff contests this characterization.  Pl.'s Resp. 7.

In order to support her claim that litigating this matter in Florida would be so seriously inconvenient as to be unreasonable, plaintiff must show more than "mere inconvenience or additional expense" and demonstrate that she would be "effectively denied her day in court." *Mark IV Transp. & Logistics, Inc. v. National Independent Contractor Ass'n, Inc.*, No. 2:13–02614, 2014 WL 69890, at *4 (D.N.J. Jan. 9, 2014).  Plaintiff has failed to reach this high bar in her submissions by arguing only that travel to the forum may prove inconvenient.  As a result, the Court concludes that the forum selection clause is valid and enforceable.

*3. § 1404(a) Transfer Inquiry under* Atlantic Marine

Defendants argue that public-interest factors weigh in favor of enforcing the forum selection clause and transferring the matter to the Middle District of Florida.  Specifically, defendants contend that the Eastern District of Pennsylvania has a "full docket," note that two of the three defendants are citizens of Florida, and argue that a Florida court would be best suited to apply Florida law as is required under the employment agreement's choice-of-law provision. Defs.' Mot. Dismiss 13.

In her Response, plaintiff fails to rebut this argument, citing only private-interest factors, such as the distance, cost, and inconvenience of litigating in Florida.  As *Atlantic Marine* makes

---

[3] Defendants also argue that any inquiry into plaintiff's convenience has been completely abrogated by the Supreme Court decision in *Atlantic Marine*.  This Court acknowledges that *Atlantic Marine* makes clear that such considerations have no place in the § 1404(a) transfer inquiry when a valid forum selection clause is present.  *See Atl. Marine*, 571 U.S. at 64 (finding that parties who agree to a forum selection clause "waive the right to challenge the preselected forum as inconvenient" when disputing a transfer under § 1404(a)).  However, it is ultimately unnecessary to decide whether this decision impacts the threshold validity and enforceability analysis of a forum selection clause as this Court finds plaintiff's argument regarding inconvenience to be unavailing.

clear, these factors are entirely irrelevant to the § 1404(a) analysis where parties have agreed to a valid forum selection clause.  In that context, this Court must only consider public-interest factors, and give plaintiff's choice of forum "no weight."  *Id.* at 64.  Moreover, the plaintiff bears the burden of proving that "public-interest factors overwhelmingly disfavor a transfer."  *Id.* at 66. Plaintiff has failed to even attempt such an argument.

Because plaintiff has failed to meet her burden of demonstrating that the public-interest factors overwhelmingly disfavor a transfer, the forum selection clause will be enforced.  *See, e.g.*, *Vesey v. Dell Systems, Inc.*, No. 15-1487, 2015 WL 9474687 (E.D. Pa. Dec. 29, 2015) ("Allowing employees to resolve claims in the jurisdiction of their employment is insufficient to overcome the burden placed on a party opposing a forum selection clause.").  Plaintiff has not shown any extraordinary circumstances that militate against enforcement of the clause.  The Court therefore concludes that the public-interest factors weigh in favor of transfer and that transfer to the Middle District of Florida pursuant to § 1404(a) is proper.

## V.    CONCLUSION

For the foregoing reasons, defendants Lifestyle Hearing Corporation, Audiology Management Group, and Widex USA Inc.'s motion is granted and this case is transferred to the United States District Court for the Middle District of Florida.  In light of the fact that this case is being transferred, the Court defers ruling on the other issues raised by defendants.

An appropriate Order follows.